UNITED STATES of America,
Plaintiff-Appellee,

v.

Claret ECHEVERRY,
Defendant-Appellant.

No. 81–1630.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 1982.

Decided Jan. 31, 1983.

Daniel H. Smith, Seattle, Wash., for defendant-appellant.

David Marshal, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Before BROWNING, TUTTLE,* and REINHARDT, Circuit Judges.

PER CURIAM:

On September 25, 1981, defendant was found guilty after a jury trial of: conspiracy to distribute cocaine in violation of 21 U.S.C. § 846; the actual distribution of cocaine on three separate occasions as prohibited by 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2; the use of a telephone to facilitate the distribution of cocaine in violation of 21 U.S.C. § 843; and aiding and abetting distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2. Defendant received concurrent sentences on these counts amounting to three years to be followed by a special parole term of five years. Defendant's co-conspirator, Pablo Ramirez, was found guilty only of distribution of cocaine on one occasion in December, 1980.

■ Defendant raises three issues on appeal. First, defendant claims that there was inadequate independent evidence of a conspiracy for the trial judge to have admitted hearsay statements of the defendant's co-conspirators. We are fully satisfied that the trial judge did not err in concluding that, ignoring for the moment the co-conspirators' statements themselves, there was substantial independent evidence of the predicate facts to demonstrate the existence of a conspiracy.

■ Defendant next argues that the admission of these hearsay statements violated the defendant's Sixth Amendment right to confront witnesses. We find that the admission of these statements was proper under the confrontation clause analysis set forth by the Supreme Court in *Ohio v. Roberts,* 448 U.S. 56, 65–66, 100 S.Ct. 2531, 2538–39, 65 L.Ed.2d 597 (1980).

Defendant's third contention is far more troubling. Defendant claims that there was a prejudicial variance between the indictment and the proof of the duration of the conspiracy that was offered at trial. The jury indicated its confusion over the duration of the conspiracy by submitting a written question during its deliberations. The jury asked: "The indictment indicates that the conspiracy covers the dates between Dec '80 and June '81. May we consider a conspiracy that does not cover that entire time span? May we consider the existence of more than one conspiracy?" At trial, proof was offered of cocaine sales in December, 1980, and in June, 1981. In response to the jury's query, the trial judge gave the following instruction:

With respect to Count I, you must first determine whether the conspiracy charged in that count did in fact exist between two or more persons *for some period of time, though not necessarily the entire period of time,* within the dates charged in the indictment. If you find that no such conspiracy existed, then you must acquit all of the defendants of the offense charged in that count. If you find in Count I that the conspiracy charged did in fact exist between two or more persons, then you must determine which if any of the defendants were members of that conspiracy. If you find that the evidence has established two or more, you may find only those defendants guilty of Count I who were members of the conspiracy charged in Count I. You must acquit those defendants who were not members, even though you may find that they were members of some other conspiracy (emphasis added).

This instruction does not raise the traditional concerns of variance of proof cases, as discussed by the Supreme Court in *Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946), and *Berger v. United States,* 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935). The accused had adequate notice of the charges against him, and is amply protected from another prosecution for the same offense.

* Honorable Elbert P. Tuttle, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

We are concerned, however, that the ambiguity of the trial judge's instruction prejudiced the defendant's substantial right to a unanimous jury verdict as granted by Article III, § 2, and the Sixth Amendment of the United States Constitution. We have no means by which we may be certain that some portion of the jury, in casting a guilty ballot, did not envision a December conspiracy and failed to find enough evidence to believe that there was a June conspiracy, while other jurors envisioned a June conspiracy and not a December conspiracy. We are not free to hypothesize whether the jury indeed agreed to and was clear on the duration of a single conspiracy or of multiple conspiracies.

■ The instruction to the jury, that they could find the defendant guilty if they found the existence of a conspiracy for "some period of time," admits of such ambiguity. Indeed, the trial judge himself recognized this problem when he stated:

> If the indictment charged between December 1980 and June 1981 and your proof was, say, January 1980 to June 1981, I would certainly give it because there might be an opportunity—or if it started out in December 1980 to June 1981 and your proof was December 1980 to May 1981—but your proof has been December 1980 to June 1981. There is no problem in the beginning and ending dates of the conspiracy charged.

> Their problem, I think, is that they may feel that there may have been a conspiracy in December and another one in June, and I don't think that saying "on or about" helps them with that. They [the jury] have asked two separate questions and the fact that they have divided it into two different subjects that have independent reference—it is quite possible for defendants to be guilty of the conspiracy charged in Count I even though the jury finds that conspiracy ended in December.

That is possible. The question that they are asking indicates that they may be concerned that the conspiracy ended in December, nonetheless the defendants could be found guilty.

The judge could simply have instructed the jury that they need not find a conspiracy that lasted the entire period, from December to June, but that they nonetheless must unanimously agree on the dates of any conspiracy or conspiracies in which they found this defendant participated. An instruction to the jury on the need for the existence of an overall conspiracy, while necessary, *United States v. Abushi,* 682 F.2d 1289, 1299 (9th Cir.1982), *United States v. Perry,* 550 F.2d 524, 532 to 33 (9th Cir.1977), would not have cured the problem we face.

■ We must reach the above issue because the concurrent sentence doctrine is inapplicable to this case.[1] This case was submitted to the jury under a *Pinkerton* instruction, by which the trial judge charged the jury that, if it found the defendant guilty of a conspiracy, the jury was entitled to rely on the acts in furtherance of the conspiracy performed by the defendant's co-conspirators in deciding whether the defendant himself was guilty of the substantive counts. *See Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). Where, as here, the case was submitted to the jury under a *Pinkerton* instruction, and where each of the substantive counts of the indictment was also alleged to be an overt act of the conspiracy, there is no assurance that the jury did not rely on the problematic conspiracy conviction in reaching its verdict on these counts. Thus, if we were to apply the concurrent sentence doctrine, the defendant could be found guilty for the acts of his co-defendants even though there was not necessarily a unanimous finding by the jury that the defendant was a member of a conspiracy to commit such acts. We, therefore, decline to

---

1. The concurrent sentence doctrine provides that, where a defendant is convicted of both conspiracy and substantive counts and is sentenced concurrently on these, and the defendant does not challenge the sufficiency of the evidence on the substantive count, the reviewing court will affirm the conviction without reviewing the sufficiency of the conspiracy count. *See, e.g., United States v. Valenzuela,* 596 F.2d 824, 829 (9th Cir.1979).

apply the concurrent sentence doctrine. The flaws that mandate our reversing defendant's conspiracy conviction also taint the guilty verdict on the substantive counts since we are unable to ascertain that, in finding the defendant guilty on the substantive counts, the jury did not rely upon the conspiracy conviction. The evidence of guilt against this particular defendant on the substantive counts is not so overwhelming that we may conclude that no reasonable juror would have needed to rely on the conspiracy conviction, and thus the acts of defendant's alleged co-conspirators, in finding the defendant guilty.

We therefore reverse defendant's conviction on all of the counts and remand for a new trial.