UNITED STATES of America, Plaintiff,

v.

**Louis J. OGLE, Defendant.**

**Crim. No. 91–122–FR.**

United States District Court,
D. Oregon.

Dec. 11, 1991.

142

Charles H. Turner, U.S. Atty., Claire M. Fay, Asst. U.S. Atty., Portland, Or., for plaintiff.

Ronald H. Hoevet, Hoevet, Snyder & Miller, P.C., Norman Sepenuk, Douglas Stringer, Portland, Or., for defendant.

## OPINION

FRYE, District Judge:

The matter before the court is the motion of defendant, Louis J. Ogle, for release pending appeal.

## BACKGROUND

Ogle was convicted by a jury of the crimes of tax evasion for the calendar years 1984 through 1987 in violation of 26 U.S.C. § 7201.

On October 31, 1991, Ogle was sentenced on Count 1 of the indictment, the crime of tax evasion for the calendar year 1984, to six months in prison, and three years of supervised release, upon the condition that he serve six months of home detention. Ogle was ordered to pay the outstanding taxes due and owing to the government for the calendar years 1984 through 1987; to file in a timely manner with the Internal Revenue Service all future tax returns; to pay the costs of prosecution; and to pay a special fee assessment in the sum of $200.00. Ogle was sentenced on Counts 2 through 4 to a period of confinement of six months on each count; said periods of confinement to be served concurrently with each other and with the sentence imposed in Count 1.

The court ordered Ogle to report to a prison designated by the Bureau of Prisons on January 8, 1992.

Ogle moves the court for an order allowing him to remain on release pending appeal pursuant to 18 U.S.C. § 3143(b).

## CONTENTIONS OF THE PARTIES

Ogle contends that the following two issues, which he intends to raise on appeal, are substantial and likely to result in a reversal or an order for a new trial: 1) whether the jury should have been instructed that they must unanimously agree upon which affirmative act, if any, was proved for each of the counts; and 2) whether the evidence submitted as to Count 4 for the 1987 calendar year is sufficient to sustain a verdict of guilty in light of the fifth amendment warnings which were given to Ogle by IRS Special Agent Luciano before the 1987 tax return was due.

The government contends that the two issues raised by Ogle are not substantial and are not likely to result in a reversal or an order for a new trial. The government argues that Ogle failed to raise any issue of the unanimity of the jury as to proof of the affirmative acts prior to the filing of this motion, and that the jury instruction and the proof at trial of the affirmative acts were sufficient to sustain this verdict. The government further contends that the court properly instructed the jury as to the role of Ogle's fifth amendment rights in Count 4, and the jury found that Ogle did not have a good faith belief that by filing his 1987 tax returns, he would incriminate himself.

## APPLICABLE LAW

18 U.S.C. § 3143(b) provides as follows: [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal ... be detained, unless the judicial officer finds—

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released ... and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

A substantial question under section 3143(b) is one that is "fairly debatable" or "one of more substance than would be necessary to a finding that it was not frivolous." *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir.1985).

When reviewing allegedly erroneous jury instructions, the court considers the instructions as a whole. *United States v. Green*, 745 F.2d 1205, 1209 (9th Cir.1984), *cert. denied*, 474 U.S. 925, 106 S.Ct. 259, 88 L.Ed.2d 266 (1985). The adequacy of the entire charge must be evaluated in the context of the trial. *United States v. Marabelles*, 724 F.2d 1374, 1382 (9th Cir.1984).

In *United States v. Frazin*, 780 F.2d 1461 (9th Cir.1986), the court reviewed the jury instructions in a mail or wire fraud prosecution. The defendant argued that the failure of the court to read to the jury his requested instruction that the jury must unanimously agree as to the specific acts that formed his scheme to defraud was reversible error. The circuit court explained:

> In a mail or wire fraud prosecution, jurors must be instructed that they must agree on the existence of a single scheme to defraud. However, a specific instruction that the jury must agree on a particular set of facts is required only where it appears that a conviction might rest upon different jurors having found the existence of different facts, in violation of the defendant's right to a unanimous verdict. That situation arises where the complex nature of the evidence, a discrepancy between the evidence and the indictment, or some other particular factor creates a genuine possibility of juror confusion. Otherwise, a general instruction on the unanimity of the verdict will suffice.
>
> This case presents none of the factors that require an instruction on unanimity

regarding specific acts. The indictment alleged one unified scheme to defraud. The evidence at trial supported the existence of that scheme, and was not at variance with the indictment. Neither the indictment nor the evidence created any ambiguity as to the possible existence of multiple schemes. Although the jury was not instructed on the need to agree on the principal factual elements involved in the charge of mail and wire fraud, given the nature of the evidence before it, it could not have convicted appellants without so agreeing.

*Id.* at 1468 (citations omitted).

In *United States v. Payseno*, 782 F.2d 832 (9th Cir.1986), the defendant was charged with the collection of extensions of credit by extortionate means. The defendant argued that the district court committed plain error in failing to give a specific unanimity instruction. The circuit court reviewed the general rule as stated in *Frazin*—that a specific instruction that the jury must agree on a particular set of facts is required only where it appears that a conviction might rest upon different jurors having found the existence of different facts, in violation of the defendant's right to a unanimous verdict. The circuit court concluded that the conviction of the defendant must be reversed because the government introduced evidence of three offenses in support of one count of the indictment. The court explained:

> In the present case, there exists the genuine possibility that some jurors may have believed Payseno used extortionate means on one occasion while others may have believed that he was guilty of engaging in extortion at a different time and place. *Echeverry* [698 F.2d 375 (9th Cir.1983)] clearly sets forth the rule that we are not free to speculate about what the jurors agreed to in their six hours of deliberation over Payseno's guilt or innocence.
>
> The three acts of extortion in this case were directed at separate victims, occurred at different times and different locations, involved different methods of communicating the threats, and were car-

ried out by varying numbers of individuals.

*Payseno,* 782 F.2d at 837.

■ Here, Ogle did not submit a jury instruction regarding unanimity on the affirmative acts of evasion. The court did not refuse to give a jury instruction regarding this issue. Because Ogle did not request such a jury instruction, and because Ogle failed to object to the court's instructions as given, the issue is not deemed waived, but it must be reviewed under the plain error standard. *Payseno,* 782 F.2d at 834.

## RULING

■ The instruction given to the jury by the court states that the government must prove beyond a reasonable doubt that Ogle took some affirmative act constituting an evasion or attempted evasion of taxes due and owing in each of the four years in question. The government alleged in the indictment that Ogle took more than one affirmative act of evasion.

While there was proof at trial of each of the alleged affirmative acts of evasion, the jurors were not instructed that they must unanimously agree upon which affirmative act of evasion, if any, that Ogle took in each of the four years in question. Since the jury had to unanimously agree upon the facts which constitute an affirmative act of evasion, it is a fairly debatable question as to whether the jurors did so here.[1]

If the circuit court concludes that it was plain error for this court not to have given an instruction as to specific unanimity, the conviction of Ogle will likely be reversed and this case remanded for a new trial.

## CONCLUSION

The court finds that Ogle meets all of the requirements of 18 U.S.C. § 3143(b).

There is an issue which Ogle intends to raise in his appeal which is substantial and likely to result in a reversal or an order for a new trial. Ogle's motion for release pending appeal is granted.

---

1. Ogle further asserts that the issue he plans to raise on appeal of his fifth amendment privilege is likely to result in reversal of Count 4. Ogle's claim of a fifth amendment privilege for the 1987 calendar year is based upon the fact that IRS Special Agent Luciano read non-custodial warnings to him in January, 1988 explaining that items he submitted to the Internal Revenue Service could be used against him in criminal proceedings. Ogle testified that he held a good faith belief that by filing his tax returns for the calendar year 1987, he would incriminate himself. The court properly instructed the jury on the issue of the good faith belief of Ogle, and the jury rejected Ogle's testimony and found him guilty as to Count 4.