**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Alfredo YAÑEZ–DEL RIO,**
**Defendant—Appellant.**

No. 01–10516.

D.C. No. CR–01–00267–RCC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 10, 2002.

Decided Aug. 2, 2002.

Before SCHROEDER, Chief Judge,
FISHER and PAEZ, Circuit Judges.

MEMORANDUM *

Alfredo Yañez–Del Rio appeals his jury conviction for conspiracy to transport illegal aliens, transportation of illegal aliens and aiding and abetting in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(1) and 1324(a)(1)(A)(ii) and 18 U.S.C. § 2. He argues that the jury instructions erroneously defined "transportation of illegal aliens" as either attempted transportation or completed transportation, two distinct crimes with different elements, thereby allowing the jury to convict him without unanimously agreeing on the same crime.

"[Federal] Rule [of Criminal Procedure] 30 ... requires that a defendant object with adequate specificity—an objection must state distinctly the matter to which the party objects as well as the grounds of the objection." *United States v. Elias,* 269 F.3d 1003, 1017–18 (9th Cir.2001) (internal quotation marks and citation omitted), *petition for cert. filed,* 70 U.S.L.W. 3656 (Apr. 4, 2002) (No. 01–1502). Because counsel's objection to the jury instructions did not meet the specificity requirement here, we review only for plain error. *See Jones v. United States,* 527 U.S. 373, 388, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999); *United States v. Anderson,* 201 F.3d 1145, 1148 (9th Cir.2000). Plain error occurs when (1) there is error; (2) that is plain; (3) that affects substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *United States v. Olano,* 507 U.S. 725, 733–37, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *see also United States*

---

*v. Perez,* 116 F.3d 840, 846 (9th Cir.1997) (en banc).

We have previously recognized "that attempting to transport, which requires specific intent, and actual transportation, which requires a showing of general intent, are separate and distinct crimes." *United States v. Ramirez–Martinez,* 273 F.3d 903, 914 (9th Cir.2001). Where a defendant has been charged with duplicitous counts, we have held that the error is not necessarily fatal. "[A] defendant indicted pursuant to a duplicitous indictment may be properly prosecuted and convicted if either (1) the government elects between the charges in the offending count, or (2) the court provides an instruction requiring all members of the jury to agree as to which of the distinct charges the defendant actually committed." *Id.* at 915. Neither of these corrective measures was undertaken in this case. Although the district court generally instructed the jury that its verdict must be unanimous, the jury may have convicted Yañez–Del Rio without a unanimous verdict because, to find him guilty of transportation, the jurors only had to find him guilty of either attempt *or* actual transportation. With no instruction that attempt and actual transportation constituted separate crimes or that the jury must agree on one crime, "there is a genuine possibility of jury confusion or that a conviction may [have] occur[red] as the result of different jurors concluding that the defendant committed different acts, [and] the general unanimity instruction does not suffice." *United States v. Echeverry,* 719 F.2d 974, 975, *modifying* 698 F.2d 375 (9th Cir.1983).

We hold this to be plain error that deprived Yañez–Del Rio of his right to a unanimous verdict. Therefore, we reverse Yañez–Del Rio's convictions on counts two, three and four. Because the instructions

for counts one and five required the jury to rely on the erroneous definition of "transportation of illegal aliens" outlined in counts two, three and four, we likewise reverse Yañez–Del Rio's convictions on those two counts. We remand the case to the district court for a new trial.

REVERSED and REMANDED.

---

\* This disposition is not appropriate for publica-

tion and may not be cited to or by the courts