UNITED STATES of America,
Plaintiff–Appellee,

v.

Anthony FOURSTAR, Defendant–
Appellant.

No. 02–30127.

D.C. No. CR–01–00091–SEH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 10, 2003.

Decided Sept. 11, 2003.

Marcia Good Hurd, Esq., USMO–Office of The U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Anthony R. Gallagher, Federal Defenders Office, Great Falls, MT, for Defendant–Appellant.

Before BRUNETTI, T.G. NELSON, and RAWLINSON, Circuit Judges.

## MEMORANDUM*

Appellant Anthony Fourstar, an Indian, appeals his conviction for attempted aggravated sexual abuse of a minor on an Indian reservation in violation of 18 U.S.C. §§ 1153 and 2241(c). Fourstar raises three issues on appeal. First, he argues that the jury should have been given a special verdict form and a written copy of the jury instructions. Second, he challenges the admission of certain hearsay statements under both the Confrontation Clause and the Federal Rules of Evidence. Third, he challenges the sufficiency of the evidence. For the reasons stated in this disposition, we affirm. Because we presume that the parties are familiar with the facts of this case, we refer to them only as necessary in our analysis.

### 1. Special Verdict Form and Jury Instructions

Fourstar initially appears to be challenging the instruction itself, but then concedes that the special unanimity instruction read to the jury was proper. We thus consider only his arguments that the jury should have been given a special verdict form on which to indicate what the substantial step was, and that the jury should have been

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

given a written copy of the special unanimity instructions.

A district court's decision to use a special verdict form is reviewed for an abuse of discretion. *United States v. Patterson,* 292 F.3d 615, 630 (9th Cir.2002). We also review for an abuse of discretion the district court's decision to not provide those instructions to the jury in writing. *See United States v. McCall,* 592 F.2d 1066, 1068 (9th Cir.1979) ("The necessity, extent, and character of jury instructions are issues left to the sound discretion of the trial court."). As we have noted previously, "a district court has substantial latitude to tailor jury instructions." *United States v. Marsh,* 26 F.3d 1496, 1502 (9th Cir.1994).

A special unanimity instruction is necessary "[w]hen it appears ... that there is a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed different acts." *United States v. Echeverry,* 719 F.2d 974, 975 (9th Cir.1983) (modifying *United States v. Echeverry,* 698 F.2d 375 (9th Cir.1983)).

■ Fourstar's arguments do not establish that the district court abused its discretion in refusing to use a special verdict form or in refusing to provide a written copy of the instructions to the jury. *See United States v. Kim,* 196 F.3d 1079, 1082–83 (9th Cir.1999) (single crime, no indication of confusion by means of jury note); *cf. Echeverry,* 698 F.2d at 376–77 (jury note indicating confusion and subsequent instructions that could have allowed for inconsistent factual determinations resulting in conviction). The special verdict form was not necessary here because only one count was submitted to the jury and it was straightforward factually. The jury was not facing a situation where it had to agree to numerous intricate facts. Rather, it only had to agree to what Fourstar's

"substantial step" was, and the jury was instructed to do just this.

■ Similarly, the district court did not need to provide the jurors with a copy of the instructions. The elements were not overly complex and, significantly, the jury knew that it could ask the judge for guidance if it ran into a problem. Indeed, the fact that the jury sent a note to the judge about a different matter indicates that it was willing and able to communicate with the judge if necessary.

### 2. Hearsay

Fourstar challenges the admission of hearsay statements introduced through the testimony of Julie Corporon and Steven Hall. We review a claim that the admission of hearsay violated the Confrontation Clause de novo. *People of Territory of Guam v. Ignacio,* 10 F.3d 608, 611 (9th Cir.1993). The interpretation of the Federal Rules of Evidence is a question of law; we thus review it de novo. *United States v. Mateo–Mendez,* 215 F.3d 1039, 1042 (9th Cir.2000). We apply harmless error analysis to evidentiary rulings, and will uphold such rulings so long as the error is harmless beyond a reasonable doubt. *Ignacio,* 10 F.3d at 614.

■ In the present case, the district court's admission of the victim's hearsay statements did not violate the Confrontation Clause because the victim testified at trial. Fourstar was therefore "able to cross-examine [her] (and take advantage of all the other benefits of confrontation) to [his] heart['s] content." *United States v. Valdez–Soto,* 31 F.3d 1467, 1470 (9th Cir. 1994) ("We are aware of no Supreme Court case, or any other case, which holds that introduction of hearsay evidence can violate the Confrontation Clause where the putative declarant is in court, and the defendants are able to cross-examine him.").

We now turn to Fourstar's claims under the Federal Rules of Evidence. We consider the testimony of Corporon and Hall in turn.

The district court admitted Corporon's testimony under Federal Rules of Evidence 803(1) (present sense impression) and 803(3) (existing mental, emotional or physical condition). Rule 803(1) provides an exception to the hearsay rule for "[a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." Rule 803(3) provides an exception for

> [a] statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.

■ Although admitting Corporon's testimony under Rule 803(1) and 803(3) was erroneous, we hold that such error was ultimately harmless. Corporon testified that when she and the victim's father were driving the victim home later in the day of the incident, the victim became "very upset" and was crying. The victim told Corporon about the incident with Fourstar earlier in the day. Corporon comforted the victim and told her that she would be okay and did not need to be scared anymore. The victim's statement Fourstar sought to exclude did not constitute "[a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter," as the statements described what had occurred at some point earlier in the day. Further, although these facts are similar to those of

*Ignacio*, they are not identical. In *Ignacio*, we held that the child victim's statement of post-molestation vaginal pain being experienced as her older sister gave her a bath later in the day of the molestation constituted a present sense impression. *Ignacio*, 10 F.3d at 614. In *Ignacio*, the victim described pain she was currently experiencing, whereas here, the victim recounted what had occurred earlier in the day.

Similarly, under Rule 803(3), the victim's statements to Corporon concerned the cause of her current emotional state of mind. As we stated in *United States v. Emmert*, 829 F.2d 805 (9th Cir.1987):

> The state-of-mind exception does not permit the witness to relate any of the declarant's statements as to why he held the particular state of mind, or what he might have believed that would have induced the state of mind. If the reservation in the text of the rule is to have any effect, it must be understood to narrowly limit those admissible statements to declarations of condition–"I'm scared"–and not belief–"I'm scared because [someone] threatened me."

*Id.* at 810 (quoting *United States v. Cohen*, 631 F.2d 1223, 1225 (5th Cir.1980) (emphasis omitted)). This exception, therefore, also proves inadequate to resolve the issue. However, even given an abuse of discretion, such error was harmless beyond a reasonable doubt because the victim's statement to Corporon was merely cumulative of compelling testimony from other witnesses. *See Ignacio*, 10 F.3d at 614.

The district court admitted Steven Hall's testimony under Rules 803(5) (recorded recollection), 803(6) (records of regularly conducted activity), and 803(8) (public records and reports). The Government concedes that the court abused its discretion in admitting this testimony.

We hold that the admission of Hall's testimony was harmless beyond a reasonable doubt. As with Corporon's testimony, Hall's testimony was merely cumulative of other testimony. *See Ignacio,* 10 F.3d at 614. In fact, Hall's testimony might have helped Fourstar because Hall's account of the victim's statements to him varied from the victim's trial testimony, thus impeaching the victim's credibility. Also, Hall stated that Corporon had prompted the victim to tell certain things to Hall, which might have assisted Fourstar's argument that the victim had been coached.

We thus conclude that neither the Confrontation Clause nor the issues relating to the Federal Rules of Evidence require us to disturb Fourstar's conviction.

### 3. Sufficiency of the Evidence

We review a motion for acquittal de novo. *United States v. Yossunthorn,* 167 F.3d 1267, 1270 (9th Cir.1999). In assessing a challenge to the sufficiency of the evidence, we must affirm the conviction if, viewing the evidence in the light most favorable to the Government, any rational trier of fact could have found the elements beyond a reasonable doubt. *Id.* A jury is free to believe witness testimony that is not incredible on its face. *Id.*

In this case, there was sufficient evidence to support the jury's verdict. The victim testified that Fourstar was naked and said to suck his penis while standing directly in front of her. She also testified that he placed his penis near her mouth and tried to put it in her mouth. Although some inconsistencies in the details of the victim's trial testimony existed, the jury could have reasonably believed those of her statements that tended to inculpate Fourstar. As for the exculpatory portions of Fourstar's account of the incident, the jury was free to disbelieve them as self-serving. The jury was similarly entitled to disbelieve the impeachment evidence to the effect that the victim had discussed the case with several people who may have had a motive to coach her. Fourstar has not demonstrated grounds requiring acquittal for a lack of evidence.

AFFIRMED.