UNITED STATES of America,
Plaintiff—Appellee,

v.

Ronald DENTON, Defendant—
Appellant.

United States of America,
Plaintiff—Appellant,

v.

Ronald Denton, Defendant—Appellee.

Nos. 02–50494, 02–50535.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 2005.

Decided Aug. 31, 2005.

Rodrigo A. Castro-Silva, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff-Appellee.

Phillip A. Trevino, Esq., Los Angeles, CA, for Defendant-Appellant.

Before: REINHARDT, CLIFTON, Circuit Judges, and WEINER, District Judge.*

## MEMORANDUM **

Ronald Denton appeals his conviction for violation of 18 U.S.C. § 1951(a) and 18 U.S.C. § 2332a(a)(2).

■ The indictment was not duplicitous. On its face, each count of the indictment under which Denton was convicted can be read to charge only one separate and distinct offense. *See United States v. Ramirez–Martinez*, 273 F.3d 903, 915 (9th Cir.2001). The fact that the bill of particulars identifies fifty-five days during the relevant period that Denton made threats against Chevron in furtherance of his alleged extortion plan does not render the indictment duplicitous. *See Cohen v. United States*, 378 F.2d 751, 754 (9th Cir.1967). Because all of the threats were allegedly made in furtherance of one plan and the dangers raised by duplicity were not present, the threats were properly charged as one distinct offense within each count.

■ The district court did not err in permitting Denton's psychotherapist, Dr. Gelbart, to testify to his contemporaneous perceptions of statements Denton allegedly made during his treatment sessions.

As a percipient witness, Dr. Gelbart's testimony was highly probative as the only source of evidence relevant to assessing whether Denton's statements were objectively threatening. Fed.R.Evid. 701; *cf. United States v. Hanna*, 293 F.3d 1080, 1087 (9th Cir.2002) (holding that the determination of whether "a defendant's words constitute a true threat under 18 U.S.C. § 871 must be determined in light of the entire factual context of the defendant's statements," including the reaction of listeners) (citations omitted). Furthermore, the ability to perceive whether a statement is threatening is an innate process of everyday reasoning, and thus well within the scope of lay opinion testimony. *See* Fed.R.Evid. 701 advisory committee's note. The limiting instruction to the jury and the opportunity to cross-examine the witness further served to neutralize any concern regarding the admission of Dr. Gelbart's testimony. *Cf. United States v. Cox*, 633 F.2d 871, 874 (9th Cir.1980) (holding that while the admission of evidence for illustrative purposes into the jury room during deliberations is discouraged, and under some circumstances constitutes reversible error, a judge's limiting instruction coupled with defense counsel's opportunity for cross examination, "neutralize[s] an abuse of discretion mandating reversal").

■ For the reasons discussed above with regard to Dr. Gelbart's testimony, the admission of his notes provided relevant evidence to the jury's determination of whether Denton's statements were objectively threatening, and their probative value was not substantially outweighed by the danger of unfair prejudice. *See Old Chief v. United States*, 519 U.S. 172, 180, 117

---

* The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

S.Ct. 644, 136 L.Ed.2d 574 (1997) (observing that prejudice is only unfair when the evidence gives rise to an inference that cannot be sufficiently controlled that would lure "the factfinder into declaring guilt" on an improper basis). Since the government laid the requisite foundation, the notes were properly admitted under the business records exception. Fed.R.Evid. 803(6).

■ The district court did not err in admitting the evidence seized at Denton's home. Because the seized evidence made it more probable than not that Denton intended his statements as threats and that he intended Dr. Gelbart to communicate his statements to Chevron, the evidence was probative and thus relevant. Fed.R.Evid. 401. The district court did not abuse its discretion when it specifically considered the prejudicial nature of the evidence and concluded that it did not substantially outweigh its probative value. The seized evidence was highly probative as the only evidence, apart from Dr. Gelbart's testimony, of the ultimate material fact in the case: whether Denton intended Dr. Gelbart to communicate his statements to Chevron.

■ Because Denton argues for the first time on appeal that the district court erred by failing to give a specific unanimity instruction, we can only reverse the district court if (1) the error was plain; (2) the error affected the defendant's substantial rights; and (3) the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano,* 507 U.S. 725, 736–37, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). At best it is debatable whether the factual evidence presented to the jury was sufficiently complex to create a genuine possibility of jury confusion. The serious issue at trial was Denton's intent. The statements made by Denton would have been understood as threatening, without question, in a different context.

The statements were all communicated to one person, Dr. Gelbert. The statements concerned the same target, the Chevron refinery. The factual context here was simply not so complex as to make clear that juror confusion was likely. *See United States v. Anguiano,* 873 F.2d 1314, 1320 (9th Cir.1989). Any error in failing to provide a specific unanimity instruction was not clear and obvious under the law and, thus, not plain. *See United States v. Perez,* 116 F.3d 840, 846 (9th Cir.1997).

■ Neither are we persuaded by the government's cross-appeal arguments that the district court erred in granting downward departures authorized by the Sentencing Guidelines under § 3E1.1 and § 5K2.13. The district court's factual determination that Denton had sufficiently accepted responsibility under § 3E1.1 was not without foundation. *See United States v. Innie,* 7 F.3d 840, 848 (9th Cir.1993). Although the jury determined that the statements Denton made to his psychotherapist were intended as "serious expression[s] of [an] intent to harm," the district court had an ample foundation on which to base its determination that the facts and circumstances of Denton's offenses did not represent a serious threat of violence suggesting a need to protect the public. U.S.S.G.App. C. § 5K2.13, amendment 538 (1998). Furthermore, we conclude that there was sufficient factual foundation to uphold the district court's determination that Denton's emotional problems had significantly impaired his ability to reason. *See United States v. Cantu,* 12 F.3d 1506, 1511–13 (9th Cir. 1993).

Although we affirm the district court's decision to grant the downward departure on the merits, we recognize that a limited remand for review of the sentence appears to be appropriate under *United States v. Ameline,* 409 F.3d 1073 (2005) (en banc), if

requested by the defendant, *see United States v. Moreno–Hernandez,* —— F.3d ——, ——, 2005 WL 1560269, *9 (9th Cir. 2005), and may be appropriate if the non-constitutional error is raised and remand is requested by the government.[1]

The court orders each party to advise it by letter, addressed and delivered to the Clerk within twenty days of the filed date of this disposition, as to whether or not it raises the issue of constitutional or nonconstitutional error under *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and requests a limited remand regarding the sentence. Each party may qualify its request by stating that it does not request a limited remand but does so in the event that the other party does. While we affirm the decision below, we may amend the disposition based upon the parties' positions on limited remand.

No mandate shall be issued without further order of the court.

AFFIRMED.

REINHARDT, Circuit Judge, dissenting.

A defendant has the right to a unanimous jury verdict under both Article III, § 2 and the Sixth Amendment to the U.S. Constitution. *See United States v. Garcia–Rivera,* 353 F.3d 788, 792 (9th Cir. 2003). He also has a right to have the jury reach a unanimous decision regarding each element of the charged offense. *See Richardson v. United States,* 526 U.S. 813, 817, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999). Here, the government sought to prove numerous acts over a two-year time span, any or all of which could have constituted an offense for which the jury could have convicted him. Nevertheless, a spe-cific unanimity instruction was not given at trial. Without such an instruction, I believe that we are unable to determine whether the jury reached a unanimous decision as to any *specific* act Denton committed in violation of 18 U.S.C §§ 1951 and 2332a.

This circuit has clearly held that where there is a realistic possibility of jury confusion as to the act(s) supporting the conviction, the lack of a specific unanimity instruction constitutes plain error. *See United States v. Payseno,* 782 F.2d 832, 836–37 (9th Cir.1986) (vacating the defendant's conviction because there was a genuine possibility that the jurors did not unanimously agree on at least one specific act of extortion); *United States v. Echeverry,* 698 F.2d 375, 377 (9th Cir.1983) (same). Given the numerous unlawful acts comprehended within the government's charges and the mass of evidence which the government presented to the jury, that body's decision required a factually complicated assessment. There is no question that the evidence presented to the jury in this case was sufficiently complex to create a genuine possibility of jury confusion. However, the majority appears to conclude otherwise on the ground that the possibility of jury confusion is not a serious issue. Instead, the majority declares that "[t]he serious issue at trial was Denton's intent." Maj. op. at ——. This conclusion simply ignores the constitutional violations attendant upon potential jury confusion and Denton's right to a unanimous jury verdict on *each* element of the charged offense (and not simply the element of intent). *See Richardson,* 526 U.S. at 817, 119 S.Ct. 1707.

The fact that Denton's statements were all communicated to one person and all

---

1. There are questions pending before other panels of this court regarding requests by the government, such that ultimate disposition of that issue on this appeal will likely have to wait for those decisions in the event that Denton does not request a limited remand but the government does.

concerned the same target are inconsequential to the constitutional determination of jury confusion. The test as to jury confusion in a federal criminal trial is not whether some facts are simple or even clear. Rather, a jury cannot convict unless it unanimously agrees that the government has proven beyond a reasonable doubt the specific act or acts that serve as the basis for the conviction. The constitutional problem in this case is that it is impossible to determine from the verdict whether the jury unanimously agreed on at least one specific act, *not* whether it agreed that the acts were all communicated to the same person or even that they regarded the same refinery. *See Payseno,* 782 F.2d at 837. Even the majority appears to agree with the impossibility of this determination. *See* Maj. op. at —— ("[I]t is debatable whether the factual evidence presented to the jury was sufficiently complex to create a genuine possibility of jury confusion."). A special unanimity instruction should have been given. *See United States v. Anguiano,* 873 F.2d 1314, 1320 (9th Cir.1989) ("[A] specific unanimity instruction is required in cases where the evidence is sufficiently factually complex to indicate that jury confusion may occur.").

Accordingly, I would hold that the district court committed plain error affecting Denton's substantial rights and calling into question the fairness and integrity of our judicial proceedings. *See Payseno,* 782 F.2d at 833, 837. Because there is a serious danger given the factual complexity of this case that Denton was convicted for the overall occurrence of his general thoughts rather than any one *specific* action, I would exercise our discretion under Federal Rule of Criminal Procedure 52(b), vacate Denton's conviction, and remand for a new trial. I respectfully dissent.