[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 01-2031

DARRYL WHITING,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Robert E. Keeton, U.S. District Judge]

---

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

---

Darryl Whiting on brief pro se.
Michael J. Sullivan, United States Attorney, and Dickens Mathieu, Assistant U.S. Attorney, on brief for appellee.

**June 21, 2002**

**Per Curiam**.  After being denied leave by this court, in No. 00-1249, to file a second or successive petition under 28 U.S.C. § 2255, petitioner Darryl Whiting proceeded to submit just such a petition in district court. Much as he had done in this court, Whiting there disputed the applicability of AEDPA to his case.  Understandably, the lower court summarily dismissed that action in light of our March 23, 2000 ruling, and this appeal ensued.  Whiting has provided nothing to call our earlier rationale into question.  Accordingly, the judgment of dismissal is summarily affirmed.[1]

Whiting also sought to amend his petition below to advance a claim that the government had suborned perjury at trial.  The district court properly concluded that leave of this court was needed to pursue the matter.  Construing

---

[1]    We pause simply to note that Whiting's two new assertions--that a conviction for aiding and abetting a drug offense cannot constitute a CCE predicate, and that a jury must unanimously agree upon the applicable prong of the aiding and abetting statute--are both in error. See, e.g., United States v. Escobar-De Jesus, 187 F.3d 148, 157 n.1, 160 n.6 (1st Cir. 1999) (as to the former), cert. denied, 528 U.S. 1176 (2000); United States v. Rivera-Martinez, 931 F.2d 148, 153-54 (1st Cir. 1991) (same); United States v. Kim, 196 F.3d 1079, 1082-83 (9th Cir. 1999) (as to the latter).

Whiting's notice of appeal as an application therefor, we deny such leave.  In a March 20, 2000 ruling, we rejected a similar request made by four of Whiting's codefendants.  See Carmichael v. United States, No. 99-1897 (1st Cir. 2000). The new evidence on which Whiting relies, even if deemed timely proffered, is too generalized to warrant a different outcome.  The suggestion that he need not demonstrate how the alleged perjury might have affected the outcome of his trial is misplaced.  See, e.g., Kyles v. Whitley, 514 U.S. 419, 433 n.7 (1995); United States v. Agurs, 427 U.S. 97, 103 (1976).

The judgment is affirmed.  Leave to file a second or successive petition under 28 U.S.C. § 2255 is denied.