UNITED STATES of America, Plaintiff–Appellee,

v.

Randy James JANGULA, Defendant–Appellant.

No. 03–30505.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 20, 2004.

Fed. R.App. P. 34(a)(2).

**908**

———

Carl E. Rostad, Esq., Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

David F. Ness, Esq., FDMT–Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: HAWKINS, THOMAS and BYBEE, Circuit Judges.

### MEMORANDUM **

Randy James Jangula appeals his sentence of 24 months imposed following his guilty plea to perjury, in violation of 18 U.S.C. § 1623(a). We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. To the extent that Jangula contends that the district court failed to give due consideration to the factors enumerated in § 5G1.3, we

Jangula contends that the district court erred by not grouping, pursuant to United States Sentencing Guidelines § 3D1.2(c), the instant conviction for perjury with an earlier conviction for conspiracy to distribute methamphetamine and cocaine (the "drug charges"). We disagree. Jangula overlooks the plain language of § 3D1.2(c), which states that counts should be grouped only when "one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts." U.S.S.G. § 3D1.2(c) (2002). The record indicates that Jangula was sentenced on the drug charges without reference to his commission of perjury. Accordingly, the district court properly refused to group these offenses. *See United States v. Hines,* 26 F.3d 1469, 1475–76 (9th Cir. 1994).

Jangula further contends that the district court erred in failing to impose a partially concurrent sentence pursuant to § 5G1.3(c).[1] Upon review of the record, we conclude that the district court did not abuse its discretion in sentencing Jangula to consecutive sentences. *See United States v. Kim,* 196 F.3d 1079, 1084 (9th Cir.1999).

AFFIRMED.[2]

decline to address this contention because it was first raised in a reply brief. *See United States v. Birtle,* 792 F.2d 846, 848 (9th Cir. 1986).

2. Appellee's unopposed motion to expand the record filed on March 12, 2004, is GRANTED.