UNITED STATES of America,
Plaintiff–Appellee,

v.

Moses JOLLY III, Defendant–
Appellant.

No. 04–50623.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 2005.

Filed May 3, 2006.

David P. Curnow, Esq., Jason A. Forge, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Inge Brauer, Esq., San Diego, CA, for Defendant–Appellant.

Before: LEAVY and RAWLINSON, Circuit Judges, and MAHAN,* District

* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sit-

Judge.

## MEMORANDUM **

Moses Jolly III appeals his jury conviction for bringing in illegal aliens for financial gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii), transportation of illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), and aiding and abetting in violation of 18 U.S.C. § 2. We affirm.

### I.

■ First, Jolly contends that the district court erred in denying his motion for acquittal pursuant to Fed.R.Crim.P. 29 on Counts 3 and 4 of the indictment when it held that there was sufficient evidence to determine the alienage and immigration status of Jose Luis Amante–Aurioles, an unavailable material witness.

Typically, we review *de novo* a district court's denial of a motion for judgment of acquittal under Rule 29. *United States v. Hernandez*, 105 F.3d 1330, 1332 (9th Cir. 1997). However, if a defendant does not renew his Rule 29 motion at the close of all the evidence, as Jolly failed to do in this case, review is only for plain error. *United States v. Alarcon–Simi*, 300 F.3d 1172, 1176 (9th Cir.2002). To demonstrate plain error, the record must show error that is plain and that affects substantial rights. *Id.*

Here, Jolly was convicted of Count 3, bringing in an illegal alien—Amante–Aurioles—for financial gain, and Count 4, transporting an illegal alien—Amante–Aurioles—knowing him to be an illegal alien. For each of these offenses, the government was required to prove that Amante–Aurioles was in fact an undocumented alien. Because Amante–Aurioles could not be located for trial, however, the govern-

ment introduced other evidence of his alienage. First, Martin Amezcua–Ochoa testified that Amante–Aurioles was present at the discussions with the "coyote" concerning the price for being smuggled into the United States. He testified that at the "coyote's" direction, the two of them traveled to Tecate, Mexico, where they hid in bushes until a guide arrived and took them across the border on foot. He testified that they then trekked through the hills on the United States side of the border, carefully avoiding Border Patrol vehicles, until they reached a hiding spot in some bushes in the Mountain Empire Campground. He also testified that he did not see in Amante–Aurioles' possession any documents permitting him to enter the United States legally. Second, Miguel Villanueva testified that he knew Amante–Aurioles because Amante–Aurioles was married to his cousin. He further testified that Amante–Aurioles was born in Mexico and that the two of them had grown up in the same town in Mexico. This testimony of foreign birth, in conjunction with Amezcua–Ochoa's testimony of the precautions taken to avoid detection when crossing the border and in moving through the United States, as well as of the fee involved in this transportation, constitutes sufficient circumstantial evidence of Amante–Aurioles' illegal status. Thus, the district court did not commit plain error in denying Jolly's motion for judgment of acquittal under Rule 29 on Counts 3 and 4 of the indictment.

### II.

■ Next, Jolly claims that the district court erred in denying his motion to require the government to prove the financial gain element of the smuggling charge.

ting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

To be guilty under 8 U.S.C. § 1324(a)(2)(B)(ii), a defendant must commit the offense "for the purpose of commercial advantage or private financial gain." *See* 8 U.S.C. § 1324(a)(2)(B)(ii). Jolly asserts that there was insufficient evidence that he had the conscious objective of obtaining private financial gain. We review the sufficiency of evidence *de novo*. *Hernandez*, 105 F.3d at 1332.

In *United States v. Munoz*, 412 F.3d 1043, 1047 (9th Cir.2005), we held that "in order to impose 8 U.S.C. § 1324(a)(2)(B)(ii)'s enhanced penalties on a defendant *prosecuted as a principal*, the government must prove that [he] intended to derive a financial gain from the transaction." (emphasis added). *Munoz*, therefore, is limited to cases where the defendant is convicted of violating 8 U.S.C. § 1324(a)(2)(B)(ii) as a principal. It excludes from its holding those cases where the defendant is convicted of aiding and abetting a violation of 8 U.S.C. § 1324(a)(2)(B)(ii). *Id.*

Here, the government expressly prosecuted Jolly under an aiding and abetting theory, and the jury was instructed regarding aiding and abetting financial gain. Furthermore, the jury verdict on the three smuggling counts included convictions of aiding and abetting violations of 8 U.S.C. § 1324(a)(2)(B)(ii). Thus, the government could make out the intent element of the offense merely by proving Jolly's intent to aid and abet another as a principal in achieving financial gain; it did not need to show actual payment or even an agreement to pay.

### III.

Jolly also contends that Count 1 of the indictment was duplicitous. Count 1 charged Jolly with both a substantive violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and aiding and abetting under 18 U.S.C. § 2. We review *de novo* a district court's decision not to dismiss an allegedly duplicitous indictment. *United States v. Garcia*, 400 F.3d 816, 817 (9th Cir.2005) (citing *United States v. Bryan*, 868 F.2d 1032, 1037 (9th Cir.1989)).

In *Garcia*, we held that aiding and abetting is simply one means of committing a single crime, not a separate offense itself. 400 F.3d at 820. Accordingly, the count charging Jolly with the substantive offense of bringing in aliens for financial gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and aiding and abetting in violation of 18 U.S.C. § 2 was not duplicitous. Aiding and abetting is not a separate offense itself, but a different means of committing a single crime. For this reason, the district court was not obliged to compel the government to elect between theories of principal liability and aiding and abetting liability.

### IV.

Finally, Jolly contends that the district court should have given his requested unanimity instruction requiring the jury to find either principal liability or aiding and abetting liability. Whether the unanimity instruction requested here should have been given is reviewed for abuse of discretion. *Garcia*, 400 F.3d at 817 (citing *United States v. Kim*, 196 F.3d 1079, 1082 (9th Cir.1999)).

The specific unanimity issue raised by Jolly has been settled in *Garcia*, 400 F.3d at 820. There, we reviewed and rejected the appellant's argument that aiding and abetting is a separate offense and that the court should have given a specific unanimity instruction requiring the jury to determine whether the appellant was guilty as a principal or as an aider and abetter. Based on *Garcia*, the district court did not

abuse its discretion when it refused to give the unanimity instruction.

AFFIRMED.

RAWLINSON, Circuit Judge, concurring:

I concur in the result.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.