**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Phyllis WEBSTER, Defendant–**
**Appellant.**

No. 06–50363.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 11, 2007.

Filed May 3, 2007.

Becky S. Walker, Esq., Anthony R. Montero, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Carlton Frederick Gunn, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: B. FLETCHER and McKEOWN, Circuit Judges, and WHYTE *, District Judge.

## MEMORANDUM **

Phyllis Webster appeals her conviction for theft by a bank employee, in violation of 18 U.S.C. § 656. Webster contends that her single count indictment was duplicitous and that the district court's denial of her proposed specific unanimity instruction was an abuse of discretion. Because the parties are familiar with the facts, we will not recite them here except as necessary to explain our decision. For the reasons detailed below, we affirm.

At trial, Webster did not object to the indictment, but objected to the denial of her proposed specific unanimity instruction. The court refused to give the proposed instruction, and instead gave a general unanimity instruction. When, as here, the defendant requests a specific unanimity instruction at trial to cure an allegedly duplicitous indictment, the denial of that instruction is reviewed for an abuse of discretion. *See United States v. Kim,* 196 F.3d 1079, 1082 (9th Cir.1999).

A duplicitous charge is one in which each count contains two or more distinct offenses. *See United States v. Savage,* 67 F.3d 1435, 1439 (9th Cir.1995). A specific

---

* The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

unanimity instruction may cure duplicity in the indictment, and is required where "the complex nature of the evidence, a discrepancy between the evidence and the indictment, or some other particular factor creates a genuine possibility of juror confusion." *United States v. Payseno*, 782 F.2d 832, 836 (9th Cir.1986). However, where the evidence is so "overwhelming" that it is "inconceivable" that the jurors would not have found the offense had been committed, the denial of a specific unanimity instruction is harmless error. *See United States v. LeMaux*, 994 F.2d 684, 689 (9th Cir.1993).

Here, we need not decide whether the three takings were part of a common plan or scheme or whether a unanimity instruction was required because the evidence of the thefts was overwhelming. Any error was harmless as it was inconceivable that the jurors would not have found unanimously that Webster committed at least one theft of over $1,000.

AFFIRMED.