**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charles Lloyd TATOM, Defendant–**
**Appellant.**

No. 07–30134.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 2008.

Filed April 4, 2008.

Earl Allan Hicks, Esq., USSP–Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Steven Frampton, Esq., Spokane, WA, for Defendant–Appellant.

Before: B. FLETCHER, PAEZ, and N.R. SMITH, Circuit Judges.

### MEMORANDUM *

Charles Lloyd Tatom appeals from his jury-trial conviction of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Tatom contends that the district court erred (1) by not excluding evidence under Federal Rule of Evidence 403, (2) by dismissing a juror without "just cause" and allowing a verdict to be returned by the remaining eleven jurors, and (3) by not adequately instructing the jury. Tatom additionally alleges ineffective assistance of counsel. Because the parties are aware of the facts of this case, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm Tatom's conviction and decline to review his ineffective assistance of counsel claim.

#### I. Admission of Evidence

■ At trial, Tatom objected to the prejudicial impact of the admission of three photographic exhibits. While Tatom mentioned these exhibits in passing in his opening brief, he failed to refer to them in the issue statement or body of that brief. This cursory treatment is insufficient to preserve the issue on appeal. *See* Fed. R.App. Proc. 28(a)(5); *see also United States v. Alonso,* 48 F.3d 1536, 1544 (9th Cir.1995). Accordingly, Tatom has waived his challenge to the admission of the photographic exhibits.

Tatom also challenges the admission of certain uncharged firearms, some of which were admitted over his objections, pursuant to Rule 403, and others which were admitted without objection. We review a

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

district court's balancing of probative value against prejudicial effect under Rule 403 for an abuse of discretion. *See United States v. Daly,* 974 F.2d 1215, 1216–17 (9th Cir.1992) (per curiam). We review the introduction of evidence to which a defendant did not object for plain error. *See United States v. McInnis,* 976 F.2d 1226, 1231 n. 3 (9th Cir.1992). Under plain error review, Tatom must establish that the admission of evidence was a highly prejudicial error that impacted his "substantial rights." *See United States v. Gomez–Norena,* 908 F.2d 497, 500–01 (9th Cir. 1990).

■ A review of the record indicates that any potential prejudice caused by the cumulative admission of all the uncharged firearms into evidence was minimized by the district court's sua sponte limiting instructions, particularly Instruction 15. *See United States v. Escalante,* 637 F.2d 1197, 1202 (9th Cir.1980). Indeed, the jury unanimously convicted Tatom of illegal possession of only one of the four firearms charged—the Marlin rifle—and for possession of .22 caliber ammunition. In light of the court's sua sponte limiting instructions, and the actual jury verdict, we conclude that the district court did not abuse its discretion by admitting certain uncharged firearms into evidence over Tatom's objections, nor did it plainly err in allowing other uncharged firearms without objection. Similarly, we reject Tatom's challenge to the district court's admission, without objection, of ammunition and gun scopes because we find no plain error.

■ We further hold that even if the district court's admission of the ammunition, gun scopes, and uncharged firearms into evidence was error, it was harmless error. Given Tatom's admission that the Marlin rifle and .22 caliber ammunition which led to his conviction had been present at his residence since the last hunting season, the district court's evidentiary rulings did not significantly reduce the possibility that the jury would acquit Tatom. *See, e.g., United States v. Merino–Balderrama,* 146 F.3d 758, 763 (9th Cir.1998).

## II. Juror Dismissal and Eleven–Juror Verdict

■ The district court correctly allowed the jury to deliberate with only eleven jurors. Because "the district court [is] in the best position to evaluate the jury's ability to deliberate, we generally defer to the district court's good cause determinations." *United States v. Vartanian,* 476 F.3d 1095, 1098 (9th Cir.2007) (internal quotations omitted), *cert. denied,* — U.S. ——, 128 S.Ct. 323, 169 L.Ed.2d 153 (2007). In addition, this court reviews a district court's dismissal of a juror during deliberations for abuse of discretion and the district court's factual findings for clear error. *See id.* Just cause "encompasses a variety of problems that may arise with respect to the jury, including sickness, family emergency, or misconduct." *Id.* The record demonstrates that the jury trial lasted six days and involved fourteen different witnesses, and that whether the juror in question would be available to return to deliberations was uncertain. The district court's action allowing the jury to continue deliberations was therefore not an abuse of discretion. *See United States v. Dischner,* 974 F.2d 1502, 1513 (9th Cir.1992).

## III. Jury Instructions

■ The district court appropriately responded to the jury's question on the first day of deliberations. "The necessity, extent and character of additional [jury] instructions are matters within the sound discretion of the trial court." *United States v. Southwell,* 432 F.3d 1050, 1052 (9th Cir.2005) (internal quotations omit-

ted); *see also United States v. Kim,* 196 F.3d 1079, 1082 (9th Cir.1999) (this court reviews the district court's refusal to give a special unanimity instruction for abuse of discretion). The record demonstrates that the court's direction to the jury to review the prior jury instructions provided clear instruction to them. Jury Instruction Number 22 addressed the unanimity requirement. *See Kim,* 196 F.3d at 1082 (noting that a general unanimity instruction is normally sufficient). Thus, the district court did not abuse its discretion by referring the jury to the jury instructions rather than providing an additional unanimity instruction.

■ The district court also did not err in its instructions to the jury to deliberate further after one of the jurors did not raise his hand when polled by the court. *See United States v. Gomez–Lepe,* 207 F.3d 623 (9th Cir.2000) (noting that the trial judge has broad discretion to decide how to proceed when polling the jury); Fed. R.Crim.P. 31(d) (if a poll reveals a lack of unanimity, then the court may either direct the jury to deliberate further or declare a mistrial and discharge the jury). The record does not indicate any coerciveness or pressure on the jury. Although there was a short interval of time between the judge's statements and the subsequent verdict, the judge did not attempt to hasten, or otherwise apply pressure on the jury. *See United States v. McClintock,* 748 F.2d 1278, 1293 (9th Cir.1984) ("We also must rely on the trial court's appraisal of the circumstances here. Only the trial judge could determine whether or not [the juror's] affirmative response to the poll was tainted, coerced or in any other way demonstrative of uncertainty.").

■ Tatom argues on appeal that, after the district court determined that the verdict was not unanimous, it should have instructed the jury with an instruction sim-ilar to an *Allen* instruction. However, such instructions are inappropriate when, as here, the jury's conduct or length of deliberation does not clearly warrant them. *See United States v. Steele,* 298 F.3d 906, 911 (9th Cir.2002). Accordingly, the district court did not abuse its discretion in refusing to give, sua sponte, an *Allen* or other similar instruction.

IV. Ineffective Assistance of Counsel

■ Claims of ineffective assistance of counsel are ordinarily raised in habeas corpus proceedings rather than on direct appeal. *See, e.g., United States v. Reyes– Platero,* 224 F.3d 1112, 1113, *amended on denial of rehearing* 218 F.3d 1001 (9th Cir.2000). The collateral proceeding is preferred because "the appellate record often lacks a sufficient evidentiary basis as to what counsel did, why it was done, and what, if any, prejudice resulted." *United States v. Quintero–Barraza,* 78 F.3d 1344, 1347 (9th Cir.1995) (internal quotations omitted). The record does not compel an exception to this general rule: neither are the facts sufficiently developed nor is Tatom's legal representation so inadequate that it obviously denies him his right to counsel. *Reyes–Platero,* 224 F.3d at 1116. Accordingly, we decline to review Tatom's ineffective assistance of counsel claim on this direct appeal; Tatom should pursue this claim via habeas proceedings under 28 U.S.C. § 2255.

**AFFIRMED.**