UNITED STATES of America,
Plaintiff–Appellee,

v.

Devon MITCHELL, Defendant–
Appellant.

No. 08–10323.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 2009.

Filed Oct. 2, 2009.

Karla Delord, USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

---

* The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

Anders V. Rosenquist, Jr., Esquire, Rosenquist & Associates, Phoenix, AZ, for Defendant–Appellant.

Before: TROTT and BEA, Circuit Judges, and CONLON,* District Judge.

## MEMORANDUM **

Devon Mitchell was convicted of bank robbery, 18 U.S.C. § 2113(a), armed bank robbery, 18 U.S.C. § 2113(a), (d), and possession of a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c). The district court sentenced him to 162 months for each robbery count, to be served concurrently, and 60 months for possession of the firearm, consecutive to the robbery counts. He appeals from his judgment of conviction and sentence. We affirm.

■ "The district court's decision to admit or exclude evidence and the balancing of probative value against prejudicial effect are reviewed for abuse of discretion." *United States v. Murillo*, 288 F.3d 1126, 1139 (9th Cir.2002). Of the evidence to which Mitchell now objected, most of these objections were waived for failure to argue the objections in his opening brief. *See United States v. Tisor*, 96 F.3d 370, 376 (9th Cir.1996). Mitchell did preserve his objection to Ulonda Monroe's testimony that Mitchell had told her he served time in prison for armed robbery, and to Monroe's testimony that she, Mitchell, and Shannon Scott had traveled, before the robberies, to Page, Arizona to sell drugs. However, the district court did not abuse

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

its discretion by admitting this evidence because this testimony is relevant for purposes other than proving conduct in conformity with bad character. Fed.R.Evid. 404(b). The evidence makes it more likely that Mitchell aided and abetted the crimes because it shows that both Monroe and Scott could rely on their previous crime partner for instruction and planning the bank robberies, and that Mitchell had the credibility to recruit them.

Even if the court erred by admitting testimony that Mitchell told Monroe that he went to prison for armed robbery and that Monroe and Scott traveled to Page, Arizona with Mitchell to sell drugs, the error was harmless. *See United States v. Alvarez*, 358 F.3d 1194, 1205 (9th Cir. 2004) (sustaining conviction despite erroneous admission of evidence unless, more probably than not, "the error affected the verdict"). Significant evidence linked Mitchell to the bank robberies. Mitchell recruited Monroe and Scott, instructed them, drove them to and from each bank, and wrote the demand notes that the women used in the bank robberies. We cannot find that the purported errors affected the verdict.

Mitchell asserts the court erred by refusing to hold a *Daubert*[1] hearing prior to trial, and by allowing Marguerite McHenry, the government's expert forensic document witness, to testify that she believed Mitchell authored the demand note recovered from the Compass Bank robbery. The court's decision to admit expert testimony is reviewed for an abuse of discretion. *United States v. Calderon–Segura*, 512 F.3d 1104, 1109 (9th Cir.2008). "This includes not only the court's ultimate admissibility determination under *Daubert* and Rule 702, but also its decisions regarding the type of proceedings required to conduct the gate-keeping inquiry in a particular case." *Id.* The court is not required to hold a separate *Daubert* hearing, so long as it makes an explicit finding of reliability. *United States v. Jawara*, 474 F.3d 565, 582–83 (9th Cir.2007). Failure to make the explicit finding is harmless where the expert's qualifications and experience, and the relevance and value of the testimony to the jury, satisfy the requirements. *Id.* at 583.

■ Extensive pre-trial briefing and argument informed the court of McHenry's qualifications and experience, which also were presented to the jury. McHenry's testimony of handwriting analysis procedures satisfied the *Daubert* reliability criteria. *See, e.g., United States v. Prime*, 431 F.3d 1147, 1152–54 (9th Cir.2005). Furthermore, experts who the court finds properly qualified may testify "in the form of an opinion." Fed.R.Evid. 702. The court did not abuse its discretion by failing to hold a separate *Daubert* hearing or by admitting McHenry's opinion testimony that Mitchell wrote the demand note; the court's failure to make an explicit finding of reliability was harmless.

This court reviews "de novo whether a jury instruction misstates an element of a crime," but reviews "for abuse of discretion a district court's formulation of an instruction." *United States v. Peterson*, 538 F.3d 1064, 1070 (9th Cir.2008). The same standards apply when considering supplemental instructions responding to a jury question. *United States v. Castillo*, 866 F.2d 1071, 1085 (9th Cir.1989).

■ The jury was not properly instructed on the aggravating element of count three, distinguishing armed bank robbery

---

1. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

from bank robbery.[2] Failure to include an essential element of the crime in the jury instructions constitutes reversible error unless "it is 'clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.'" *United States v. Thongsy*, 577 F.3d 1036, 1043 (9th Cir.2009) (quoting *Neder v. United States*, 527 U.S. 1, 18, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999)). Mitchell was aware Monroe was given a gun prior to the bank robbery; he saw her place it in her purse and walk into the bank; and he had written the demand note which stated Monroe had a gun. A rational jury could find that Mitchell intended to aid and abet the use of the gun during the robbery, and that the bank teller's life was put in jeopardy by the use of a dangerous weapon. *United States v. Jones*, 84 F.3d 1206, 1211 (9th Cir.1996). The court's failure to include an essential element of the crime in the instructions was harmless.

Mitchell also asserts the court erred in its instruction as to the lesser included offense of bank robbery, in count three. Although somewhat confusing, the court's wording instructed the jury exactly as Mitchell had requested. The court did not abuse its discretion when it crafted this instruction.

■ The court's instruction in count four, possession of a firearm, incorrectly mixed the two types of conduct constituting the crime. *Thongsy*, 577 F.3d at 1042–43. "[A]ny person who, during and in relation to any crime of violence ... uses or carries a firearm, *or* who, in furtherance of any such crime, possesses a firearm," violates the statute. 18 U.S.C. § 924(c)(1)(A) (2006) (emphasis added). The jury was instructed to find Mitchell guilty if Monroe "possessed or carried the firearm during

and in relation to the crime of armed bank robbery." The error was harmless because the evidence showed Monroe carried the gun during and in relation to the robbery and that she possessed the gun in furtherance of the robbery. A rational jury would have convicted Mitchell absent the error.

During deliberations the jury sought clarification of whether it had to find that Mitchell drove Monroe or Scott to a bank in order to convict on each count of bank robbery or simply agree that he aided and abetted. The court instructed the jury that it could "enter a verdict as to Counts 2–6 unanimously finding beyond a reasonable doubt, that defendant aided or abetted the robberies or attempted robbery." The court did not abuse its discretion in giving that instruction because "only the essential elements of the charge need to be proven." *United States v. Pang*, 362 F.3d 1187, 1194 (9th Cir.2004). Driving is not an element of bank robbery, *see* 18 U.S.C. § 2113(a) (2006), and the jury is not required to agree on the specific acts that constitute aiding and abetting, *United States v. Kim*, 196 F.3d 1079, 1083 (9th Cir.1999).

■ Mitchell contends the district court erred when it denied his motion for judgment of acquittal because there was insufficient evidence to support a conviction for armed bank robbery and possession of a firearm. When a defendant moves for judgment of acquittal at the close of the government's case in chief, but fails to renew the motion at the close of all evidence, this Court reviews the denial of the motion for plain error. *United States v. Alvarez–Valenzuela*, 231 F.3d 1198, 1200–01 (9th Cir.2000). There is sufficient evi-

**2.** Armed bank robbery occurs when, in addition to bank robbery, the defendant "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." 18 U.S.C. § 2113(d) (2006).

dence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *overruled on other grounds by Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Furthermore, the "uncorroborated testimony of an accomplice is sufficient to sustain a conviction unless it is incredible or insubstantial on its face." *United States v. Necoechea,* 986 F.2d 1273, 1282 (9th Cir.1993).

Sufficient evidence supports each of Mitchell's convictions. Neither Monroe's nor Scott's testimony was incredible or insubstantial on its face, and their testimony was corroborated by the handwriting analysis of the demand note and the rental car and hotel receipts. Mitchell has failed to show plain error in the court's denial of his motion for acquittal or a manifest miscarriage of justice in his convictions.

Mitchell asserts the court erred at sentencing by adding enhancements, adding a criminal history point, and failing to grant a downward departure. "We review the district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Guidelines to the facts for abuse of discretion, and the district court's factual findings for clear error." *United States v. Armstead,* 552 F.3d 769, 776 (9th Cir.2008). Although the Guidelines are no longer mandatory, *see United States v. Booker,* 543 U.S. 220, 245, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the court must consider them when formulating a sentence, *United States v. Ellsworth,* 456 F.3d 1146, 1149 (9th Cir.2006).

■ It was not clear error for the district court to find, by a preponderance of the evidence, that Mitchell was an organizer or leader of the crime that underlies the conviction, and to add a two-level enhancement for each count of bank robbery. *See* U.S. Sentencing Guidelines Manual § 3B1.1(c) (2008) [hereinafter U.S.S.G.]. There was sufficient evidence that Mitchell exerted "some degree of control or organizational authority" over Monroe and Scott. *United States v. Mares–Molina,* 913 F.2d 770, 773 (9th Cir.1990).

■ Nor did the district court err by adding a criminal history point for Mitchell's conviction for possession of marijuana in Arizona state court. The marijuana was found in Mitchell's pocket when he was arrested at Scott's apartment shortly after Monroe's arrest in the same apartment. A prior sentence is included in the criminal history calculation "if it was for conduct other than conduct that was part of the instant offense," meaning "conduct that is [not] relevant conduct to the instant offense." U.S.S.G. § 4A1.2 cmt. n. 1 (2008). Relevant conduct is that which occurred "during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1) (2008). Mitchell's possession of marijuana was not way related to the bank robberies. The temporal link between the crimes is insufficient to constitute relevant conduct. *See United States v. Cruz–Gramajo,* 570 F.3d 1162, 1172 (9th Cir.2009).

Finally, the court did not err by refusing to grant a downward departure in sentencing. The departure scheme has essentially been replaced by "the requirement that judges impose a reasonable sentence." *United States v. Mohamed,* 459 F.3d 979, 986 (9th Cir.2006). "We review the substantive reasonableness of a sentence for abuse of discretion," *Armstead,* 552 F.3d at 776, considering the factors set forth in 18 U.S.C. § 3553 (2006), *United States v. Mix,* 457 F.3d 906, 911 (9th Cir.2006).

"[A] correctly calculated Guidelines sentence will normally not be found unreasonable on appeal." *United States v. Carty*, 520 F.3d 984, 988 (9th Cir.2008), *cert. denied*, —— U.S. ——, 128 S.Ct. 2491, 171 L.Ed.2d 780 (2008). The court imposed the maximum sentence recommended by the guidelines. That was not an abuse of discretion.

**AFFIRMED.**