FILED

FEB 02 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30032 |
| Plaintiff - Appellee, | D.C. No. 3:07-CR-00085-WFN |
| v. | |
| JEROME JOHN LOEW, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Wm. Fremming Nielsen, Senior District Judge, Presiding

Argued and Submitted December 7, 2009
Seattle, Washington

Before: BEEZER, GOULD, and TALLMAN, Circuit Judges.

Defendant-Appellant Jerome John Loew appeals from his conviction on

eleven counts of interstate harassment, obscene telephone calls, stalking, violation

of protection orders, and telephone threats. He alleges that several counts of the

indictment were duplicitous and that the district court erred in failing to give a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

specific unanimity instruction. At sentencing, the district court applied several upward adjustments to the offense level to which Loew objected, including adjustments for restraint of the victim and obstruction of justice. Loew also objected to the court's two-point upward departure in the offense level. The district court's upward adjustments and departures resulted in a guideline range of 151 to 188 months. The court sentenced Loew to 180 months. Loew now appeals his conviction and sentence on multiple grounds.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm as to all issues raised in the case.

The parties are familiar with the facts and arguments in the case so we do not repeat them here. Loew's appeal cites two errors during trial: (1) that several counts of the indictment were duplicitous, allowing the jurors to convict without a unanimous verdict, and (2) that the district court committed plain error by failing to give a specific unanimity instruction to cure the allegedly duplicitous counts of the indictment. Loew did not challenge the indictment or jury instructions at or before trial. By failing to object before trial, Loew waived his right to object to any allegedly duplicitous counts of the indictment. Fed. R. Crim. P. 12(b)(3)(B), (e); *see also United States v. McCormick*, 72 F.3d 1404, 1409 (9th Cir. 1995) ("An

---

[1] The restraint of the victim adjustment is discussed in a contemporaneously filed published opinion. The remainder of Loew's arguments on appeal are discussed in this memorandum disposition.

objection that an indictment count is duplicitous must be made prior to trial or it is waived." (citing *United States v. Gordon*, 844 F.2d 1397, 1400 (9th Cir. 1988))).

In the ordinary case, a general unanimity instruction is sufficient to instruct the jury that the verdict must be unanimous. *United States v. Kim*, 196 F.3d 1079, 1082 (9th Cir. 1999) (citing *United States v. Payseno*, 782 F.2d 832, 835 (9th Cir. 1986)). It was not plain error for the district court to determine that the jury's apparent confusion regarding one of the instructions was ameliorated by the court's responses and that the jury did not require a specific unanimity instruction. *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000) ("[A] jury is presumed to understand a judge's answer to its question." (citation omitted)). Furthermore, it is not necessary for jurors to specify or agree to all the conduct that led them to conclude the defendant was guilty of the charged crime; it is only necessary that the jury be unanimous as to each element of the crime. *Kim*, 196 F.3d at 1083.

At sentencing, the district court applied a two-point upward adjustment for obstruction of justice. U.S. Sentencing Guidelines Manual § 3C1.1 (2008) [hereinafter USSG]. Loew repeatedly threatened the victim in an attempt to convince her to drop any pending charges and to not report the behavior forming the basis for his federal conviction to the police. Some of this conduct occurred

while the federal investigation was underway. This behavior clearly supports the upward adjustment for obstruction of justice.

Finally, the district court gave valid reasons for its upward departure in calculating Loew's offense level: Loew's repeated commission of the same offense, *see* USSG § 2A6.2, cmt. n.5; extreme psychological injury to the victim, *see* USSG § 5K2.3; and endangerment of the public welfare, *see* USSG § 5K2.14; *see also United States v. Bell*, 303 F.3d 1187, 1192–93 (9th Cir. 2002) (court found that seventeen-year history of stalking, increasing in intensity without regard to sanctions, accompanied by possession of deadly chemicals, intense fixation on particular victims, and motivation by a delusional belief in persecution sufficient for upward departure based on public welfare).

**AFFIRMED.**