**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FERNANDO DOMINGUEZ,

        Petitioner - Appellant,

  v.

TOM FELKER,

        Respondent - Appellee.

No. 09-16976

D.C. No. 5:07-cv-02241-JF

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Argued and Submitted September 15, 2010
San Francisco, California

Before: WALLACE and THOMAS, Circuit Judges, and MILLS, Senior
    District Judge.[**]

Dominguez petitioned for a writ of habeas corpus following his conviction

in California state court for first-degree felony murder, rape, and aggravated

kidnaping. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we

---

     [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**] The Honorable Richard Mills, Senior United States District Judge for the
Central District of Illinois, sitting by designation.

review the district court's decision to deny a writ of habeas corpus de novo. *Moor v. Palmer*, 603 F.3d 658, 660 (9th Cir. 2010). We affirm.

Dominguez asserts that the note from his jury demonstrates to a certainty that the jurors actively considered a theory of the case whereby Dominguez kidnaped and raped the victim and then merely watched or walked away, and Jose Martinez, his deceased accomplice, killed her. Based on the record before us, one can only speculate as to what the jury was thinking when it sent the note. Perhaps a juror briefly entertained the notion that Martinez was the killer before changing his or her mind, or maybe some of the jurors were merely curious about the elements of felony murder. Given the number of plausible explanations, the note from the jury alone simply does not establish that the jurors believed Martinez, rather than Dominguez, was the actual killer. To the extent that Dominguez's habeas claims are based on pure speculation, his claims fail. *Cf. United States v. Kim*, 196 F.3d 1079, 1082–83 (9th Cir. 1999) (rejecting speculative arguments premised on an ambiguous note from the jury).

Even assuming that one or more members of Dominguez's jury was uncertain as to whether Dominguez, Martinez, or both strangled the victim, Dominguez's conviction for felony murder was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent. *See* 28

2

U.S.C. § 2254(d)(1)–(2). Dominguez contends that his due process rights were violated by the trial court's failure to instruct the jury on certain elements of California's felony murder rule. Any instructional error, however, was harmless. *See United States v. Neder*, 527 U.S. 1, 19–20 (1999). Even if Dominguez's jury determined that he kidnaped and brutally raped his victim and then stood idly by as Martinez killed her, as a matter of California law this satisfies the "logical connection" element of the state's felony murder rule. *See People v. Cavitt*, 33 Cal. 4th 187, 196, 203 (2004). Similarly, even if the jury did not find that Martinez intended to aid and abet Dominguez in the underlying rape, California's felony murder rule did not require the jury to do so. *See People v. Dominguez*, 39 Cal. 4th 1141, 1162 (2006), *citing Cavitt*, 33 Cal. 4th 187. Because we are bound by a state court's interpretation of its own laws, *see Mullaney v. Wilbur*, 421 U.S. 684, 691 & n.11 (1975), Dominguez's instructional-error claim does not persuade us.

We also reject Dominguez's argument that his due process rights were violated under *Bouie v. City of Columbia*, 378 U.S. 347 (1964), by a retroactive judicial alteration of the state's felony murder rule. Even if the jury determined that Dominguez kidnaped and brutally raped the victim while Martinez looked on and that Dominguez then passively watched as Martinez strangled her, more than thirty years earlier the California Supreme Court upheld a conviction for felony

3

murder on almost identical facts. *See People v. Whitehorn*, 60 Cal. 2d 256, 260, 264 (1963). Dominguez's felony-murder conviction was not "unexpected" or "indefensible." *See Rogers v. Tennessee*, 532 U.S. 451, 461 (2001).

Dominguez next argues that his conviction for aggravated kidnaping violates *Bouie*, because the state judiciary retroactively altered the asportation element of that offense. Dominguez misapprehends California law, however, when he asserts that aggravated kidnaping required asportation in excess of ninety feet at the time of his crimes. In 1994, three years prior to Dominguez's illegal conduct, the California Supreme Court explicitly held that "no minimum number of feet" was required to satisfy the asportation element of aggravated kidnaping. *See People v. Rayford*, 9 Cal. 4th 1, 12 (1994). Thus, though he asported his victim less than thirty feet, Dominguez had "fair warning" that this distance could satisfy the asportation element of aggravated kidnaping. *See Rogers*, 532 U.S. at 462.

Finally, we deny Dominguez's request to expand the certificate of appealability to consider his sufficiency of the evidence claim because this claim fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AFFIRMED.**

4