NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   14-10069 |
| Plaintiff-Appellee, | D.C. No. 3:12-cr-8262-GMS-1 |
| v. | |
| EDSEL AARON BADONI, aka Edsel Aaron Bedonie, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted July 28, 2017**
San Francisco, California

Before:  GRABER and HURWITZ, Circuit Judges, and FOOTE,*** District Judge.

Defendant Edsel Badoni appeals his conviction and sentences for assault

with a dangerous weapon (Count One); assault resulting in serious bodily injury

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\***    The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

(Count Two); and discharging a firearm during a crime of violence (Count Three). The district court sentenced Badoni to 46 months' imprisonment on Counts One and Two, to run concurrently, followed by a consecutive 120-month sentence on Count Three, which reflected the mandatory minimum sentence under 18 U.S.C. § 924(c). We have jurisdiction under 28 U.S.C. § 1291 and affirm in part, vacate in part, and remand to the district court for further proceedings consistent with this memorandum disposition.

1. The district court did not plainly err by failing to give a separate unanimity instruction on self-defense. *See United States v. Nobari*, 574 F.3d 1065, 1080 (9th Cir. 2009) (holding that we review jury instructions for plain error when defendant has failed to object at trial). While it is true that a jury must reject self-defense unanimously, *United States v. Southwell*, 432 F.3d 1050, 1055 (9th Cir. 2005), we have never required that a special unanimity instruction be given in all cases in which affirmative defenses are raised, *Nobari*, 574 F.3d at 1081. Typically, "a general unanimity instruction suffices to instruct the jury that they must be unanimous on whatever specifications form the basis of the guilty verdict." *United States v. Kim*, 196 F.3d 1079, 1082 (9th Cir. 1999). Here, the district court gave a general unanimity instruction and also repeated the unanimity requirement throughout its instructions. Further, the district court tracked this circuit's model jury instructions on the elements of self-defense. This case did not

2

present "a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed different acts." *Id.* (internal quotation marks omitted).

2. In light of the consecutive, ten-year mandatory minimum sentence that Badoni faced on Count Three, the defense urged the district court to impose a lesser sentence on Counts One and Two. Declining to do so, the district court explained:

> I take into account your argument that I can adjust the assault sentences based on the fact that there is a 10-year mandatory minimum. But I don't believe that this is an appropriate instance in which to give a time-served sentence on those other charges, and it does seem to me that the better reading of the statute would require a consecutive sentence, and that's what Congress mandates, and it would suggest that except for in very rare circumstances, I not adjust downward the underlying convictions, because it doesn't promote the purposes of Congress.

While this case was pending on appeal, the Supreme Court held in *Dean v. United States*, 137 S. Ct. 1170, 1176-77 (2017), that a sentencing court may consider the consecutive mandatory minimum sentence required by § 924(c) when calculating a just sentence for the predicate offense. Because the record does not make clear whether the district court understood that it could consider the § 924(c) mandatory sentence when imposing the sentence on the assault counts, we vacate the sentences on those counts and remand for resentencing in light of *Dean*. We express no opinion on the appropriate sentences to be imposed on remand.

3

3. The district court abused its discretion by imposing a condition of supervised release that permits the Probation Office to search Badoni's computers, electronic communications, and data storage devices or media. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) (holding that we review sentencing decisions for abuse of discretion). As the Government concedes, the condition was unsupported by the record. We remand to the district court for the removal of that condition.

**CONVICTIONS AFFIRMED; SENTENCES AFFIRMED in part and VACATED in part, and REMANDED FOR RESENTENCING.**