
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50254 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00262-BTM-5 |
| v. | |
| KARLA BOZARTH, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, Chief Judge, Presiding

Submitted August 28, 2018**
Pasadena, California

Before: BYBEE and WATFORD, Circuit Judges, and HERNANDEZ,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Marco A. Hernandez, United States District Judge for the District of Oregon, sitting by designation.

Defendant Karla Bozarth was charged with one count of conspiracy under 18 U.S.C. § 371 and eight substantive counts of "bringing in certain aliens for financial gain" in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2. Over Bozarth's objection, the district court presented the jury with a *Pinkerton* instruction.[1] The jury convicted Bozarth on all nine counts. Bozarth moved for acquittal and a new trial, but the district court denied both motions. This court has jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      Bozarth challenges her convictions in Counts Two through Nine on the grounds that the indictment's failure to allege foreseeability under a *Pinkerton* theory of liability and the court's instruction to the jury regarding such a theory violated her constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). This court reviews *de novo* a claim made under *Apprendi* and its progeny. *United States v. Banuelos*, 322 F.3d 700, 704 (9th Cir. 2003).

The constitutional protections outlined in *Apprendi* apply only to facts that constitute "elements" of a criminal conviction. *Alleyne v. United States*, 570 U.S. 99, 108 (2013). A possible theory on which the jury *may* base liability is not such

---

[1] *Pinkerton v. United States*, 328 U.S. 640 (1946) allows the jury to "hold[] a co-conspirator vicariously liable for reasonably foreseeable substantive crimes committed by a co-conspirator in furtherance of the conspiracy." *United States v. Chong*, 419 F.3d 1076, 1081 (9th Cir. 2005).

an element. Thus, absent notice concerns, an indictment need not include a specific *Pinkerton* allegation. *United States v. Roselli*, 432 F.2d 879, 895 (9th Cir. 1970). Bozarth was charged with conspiracy based on the same conduct at issue in the substantive counts and therefore had the requisite notice to defend against a *Pinkerton* theory of liability, even if foreseeability was not expressly mentioned in the indictment.

Having been properly instructed on the elements for each possible theory of liability, the jury unanimously found Bozarth guilty of Counts Two through Nine. There is no constitutional requirement for the jury to unanimously agree on alternative theories of liability. *United States v. Kim*, 196 F.3d 1079, 1083 (9th Cir. 1999). The jury therefore found the elements of the crime beyond a reasonable doubt. There was no *Apprendi* violation.

**2.** Bozarth only challenges her convictions in Counts Four through Nine on the grounds of insufficient evidence. This court "review[s] de novo a district court's denial of a motion for acquittal based on insufficiency of the evidence." *United States v. Yoshida*, 303 F.3d 1145, 1149 (9th Cir. 2002) (internal citation omitted). The court should "not disturb the jury's finding of guilt if after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact

could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (emphasis in original) (internal quotations and citation omitted).

Because Bozarth "was charged as an aider and abettor under 18 U.S.C. § 2, the government could make out this element merely by proving that a principal—not necessarily [Bozarth] [her]self—committed the crime with a pecuniary motive." *United States v. Tsai*, 282 F.3d 690, 697 (9th Cir. 2002); *see also United States v. Munoz*, 412 F.3d 1043, 1047 n.1 (9th Cir. 2005) (applying *Tsai* to convictions based on a theory of coconspirator liability).

Although there was no direct evidence of payment by the six individuals listed in Counts Four through Nine, the government provided sufficient evidence of pecuniary motive on the part of boat captain Ted Jenzen. Jenzen testified that he became involved in smuggling undocumented immigrants into the United States in order to "help [him] out of [his] financial troubles." Regarding a mission prior to that on which he was arrested, Jenzen outlined a payment plan in which both he and Bozarth expected to earn $2,500 per person transported by Jenzen on Bozarth's boat. Jenzen also described a conversation outlining his expected payment for the trip that formed the basis of Bozarth's convictions. When asked if he expected payment "per person," Jenzen immediately responded by saying, "Well, last time we took people up, it was $3,000 per head." A reasonable trier of

4

fact could thus find beyond a reasonable doubt that Jenzen, as principal, committed the crime with an expectation of "per person" payment. The district court correctly denied the motion for acquittal and the motion for a new trial on the grounds of insufficiency.

Accordingly, the judgment of the district court is **AFFIRMED**.